**IN THE UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF ALABAMA,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JUDITH D. TIDWELL and**<br>**JOHN MCBRIDE, individually; and** | ) | |
| | ) | |
| **BULKMATIC TRANSPORT** | ) | |
| **COMPANY, INC., a corporation** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 309-CV762** |
| | ) | |
| **HOMELAND CARRIERS, INC.,** | ) | |
| **a corporation; and** | ) | |
| | ) | |
| **TIMOTHY NDEGWA MURAGURI,** | ) | |
| **an individual** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |
| | ) | |
| **ED PARRISH, JR., as administrator *ad*** | ) | |
| ***litem* of Timothy M. Ndegwa, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 310-CV43** |
| | ) | |
| **BULKMATIC TRANSPORT** | ) | |
| **COMPANY, INC., a foreign corporation;** | ) | |
| **and JUDITH D. TIDWELL, a resident** | ) | |
| **individual,** | ) | |
| | ) | |
| **Defendants** | ) | |

**MOTION TO CONSOLIDATE ACTIONS BY PLAINTIFF**
**BULKMATIC TRANSPORT COMPANY, INC.**

Comes now Plaintiff/Defendant, Bulkmatic Transport Company, Inc. (hereinafter, "Bulkmatic"), Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and hereby moves this Court to consolidate the above referenced cases. In support of this motion, Bulkmatic states as follows:

## I.  RELEVANT FACTS

1.   The older of the two cases, Tidwell, John McBride and Bulkmatic v. Homeland Carriers Inc. (hereinafter "Homeland") and Timothy Ndegwa Muraguri (hereinafter "Ndegwa") (hereinafter "the Tidwell case"), is a lawsuit asserting tort claims stemming from a motor vehicle accident that occurred on July 23, 2009.   Originally, the parties were Tidwell and McBride v. Homeland. Bulkmatic filed a Petition to Intervene and Join Defendant Timothy Ndegwa Muraguri in Tidwell's original lawsuit to more efficiently resolve all of the issues surrounding the accident.  This Court issued an Order granting Bulkmatic's request for intervention and joinder on or about November 5, 2009.  The Court also entered a Scheduling Order in that matter on that day.

2.   The newer case, Parrish as administrator *ad litem* for Timothy M. Ndegwa v. Bulkmatic and Tidwell (hereinafter "the Ndegwa case"), is also a lawsuit asserting tort claims arising from the same motor vehicle accident.  The Ndegwa case was filed on or about January 15, 2010.

3.   The tort claims asserted in the Tidwell case and the Ndegwa case are associated with the same motor vehicle accident.  More specifically, on or about July 23, 2009, decedent Ndegwa, who was employed by Homeland, and Tidwell, who was employed by Bulkmatic, were involved in an accident on Alabama Interstate 85 near mile marker 56.5.  While Ndegwa was parked partially on and off of the road, Tidwell collided with Ndegwa's rig. Ndegwa died as a result of the collision and Tidwell sustained severe bodily injuries.  Bulkmatic sustained property damage to its truck.

4.   Both of these lawsuits are based exclusively on the above-referenced motor vehicle accident.  Tidwell and Bulkmatic claim negligent and/or wanton operation of a motor vehicle by Ndegwa as an agent of Homeland, in addition to direct negligence on the part of Homeland for the hiring, training, supervision and entrustment to Ndegwa.  Ndegwa asserts negligent and/or wanton operation of a motor vehicle on the part of Tidwell as an agent of Bulkmatic, in addition to direct negligence against Bulkmatic for the supervision, hiring, training and retention of Tidwell.  Both

cases are now pending before this Court.

5.   Both of these lawsuits have the same parties, save the inclusion of Homeland and Tidwell's husband, John McBride, in the Tidwell case.  Likely, the only reason that this Motion to Consolidate is before the Court is because Bulkamtic was not aware that Ndegwa's administrator had been appointed at the time of its petition to intervene and join Ndegwa.  Therefore, the administrator was not served.  However, Bulkmatic has since issued new service upon Ndegwa's recently identified administrator.

## II. <u>APPLICABLE LAW</u>

6.   Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions pending before it if those actions involve "a common question of law or fact."   Committee Comments, Rule 42(a), Fed. R. Civ. P.   District courts "must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Caytrans BBC, LLC v. Equip. Rental & Contrs. Corp.*, 2009 U.S. Dist. LEXIS 93771, *3 (S.D. Ala. 2009)(discussing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

7.   A District Court's decision on consolidation is discretionary under Rule 42(a). *Id.* However, in situations in which there are multiple cases involving the **same parties and issues**, the Court not only may consolidate the actions, but should consolidate them.  "The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995)(*quoting Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir.1984) (internal citation omitted)).

6.   The instant actions involve a "common question of law or fact" and, as such, satisfy the only requirement for consolidation under Rule 42(a). Although it is sufficient for purposes of 42(a)

if the actions involve only *one* common question of law *or* fact, the two actions presently before this Court involve *numerous* common questions of law *and* fact. The common questions of law and fact include, but are not limited to, the following: (a) the circumstances surrounding the collision and the underlying accident; (b) the alleged negligence of all of the parties involved; (c) Ndegwa and Tidwell's capacity with their respective employers, Homeland and Bulkmatic; (d) the conditions of the vehicles immediately prior to the collision; and (e) the state of the drivers immediately prior to the collision. Indeed, virtually all questions of fact will be shared between the claims asserted by the parties, as all suffered losses in the same event.

7.   Not only do these actions share common questions of law and fact, they also share parties.  Because the cases involve the same parties, the "proper solution," as stated by the 11th Circuit, is to consolidate the actions.  Homeland and John McBride are not implicated in the Ndegwa suit.  However, since the claims against Homeland and by McBride are derivative to the other claims, the litigation will not change substantively.  Furthermore, allowing two parallel proceedings creates a risk of ultimately obtaining substantially inconsistent results from the same set of operative facts.  This is particularly true when the parties are the same, as opposite verdicts could occur.

8.   The Court should exercise its discretion to consolidate these actions because such consolidation will serve the interests of justice. Among other things, consolidation will produce significant savings of time and resources for the Court and for all parties involved (including third party expert witnesses).  In contrast, having such similar cases proceed in a parallel fashion would generate needless duplicative effort.  Bulkmatic and Tidwell would be severely prejudiced if forced to prosecute and then defend two practically identical lawsuits arising from the same accident, as it would be forced to produce two sets of written discovery, defend two sets of depositions and pay

for two sets of expert testimony.[1]  Moreover, as stated earlier, allowing two parallel proceedings creates a risk of ultimately obtaining substantially inconsistent results from the same set of operative facts.

9.    Consolidation will achieve substantial efficiencies and savings without sacrificing fairness.

WHEREFORE, premises considered, Bulkmatic Transport Company, Inc. respectfully moves this Court to consolidate *Tidwell v. Homeland Carriers, Inc.*, Civil Action Number 309-CV762 and *Parrish v. Bulkmatic Transport Company, Inc.*, Civil Action Number 310-CV43 for all purposes of discovery, pre-trial and trial.

Respectfully submitted,

s/Chad S. Godwin
Brett A. Ross (ROS-024)
Chad S. Godwin (GOD-012)
Attorneys for Bulkmatic Transport Company and
Judith Tidwell

**OF COUNSEL**:

**CARR  ALLISON**
100 Vestavia Parkway, Suite 200
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-2057 (Facsimile)

---

[1] Currently, the discovery conducted in each of the cases has been shared, as the parties to the *Tidwell v. Homeland Carriers, Inc.* action allowed Counsel for Ndegwa's estate to participate in all depositions.  Counsel for Ndegwa's estate elected to participate in all depositions to date except the recent depositions of Homeland's corporate representatives.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the e-filing system which will send notification of such filing to the following on this the 26th day of February, 2010.

Larry W. Morris
Morris, Haynes & Hornsby
P. O. Box 1660
Alexander City, Alabama 35011-1660

Emily H. Nelson
Morris, Haynes & Hornsby
3500 Colonnade Parkway
Suite 100
Birmingham, Alabama 35243

Frederick Lane Finch, Jr.
Michael Baird Beers, Jr.
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

Chris D. Glover
Beasley Allen
P.O. Box 4160
Montgomery, Alabama 36103-4160

/s/Chad S. Godwin
Of Counsel