IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BULKMATIC TRANSPORT COMPANY, INC., | ) ) ) | |
| Intervenor-Plaintiff, | ) ) | |
| v. | ) ) | |
| HOMELAND CARRIERS, INC., | ) ) | |
| Intervenor-Defendant, | ) ) | |
| and | ) ) | CASE NO. 3:09-CV-762-WKW [WO] |
| HOMELAND CARRIERS, INC., | ) ) | |
| Counter-Plaintiff, | ) | |
| v. | ) ) | |
| BULKMATIC TRANSPORT COMPANY, INC., | ) ) ) | |
| Counter-Defendant. | ) | |

_____

| | | |
|---|---|---|
| ED PARISH, JR., as administrator ad litem of Timothy M. Ndegwa, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:10-CV-43-WKW |
| BULKMATIC TRANSPORT COMPANY, INC., and JUDITH TIDWELL, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This cases arises from an unfortunate accident on I-85 involving two tractor-trailers resulting in the death of one driver, Mr. Timothy Ndegwa ("Ndegwa"), and serious injury to the other, Ms. Judith Tidwell ("Tidwell"). Defendants Ms. Tidwell (Doc. # 93) and Bulkmatic Transport Company, Inc. ("Bulkmatic") (Doc. # 92) move for summary judgment on Mr. Ed Parish Jr.'s wrongful death claims arising from the accident and death of Mr. Ndegwa.[1] Mr. Ndegwa responded in opposition to Ms. Tidwell and Bulkmatic's motions for summary judgment (Docs. # 97-99), and Homeland Carriers, Inc. ("Homeland"), adopted Mr. Ndegwa's response (Doc. # 100).[2] Bulkmatic filed a reply (Doc. # 106), while Ms. Tidwell did not. Because genuine issues of material fact remain on Mr. Ndegwa's wrongful death claims against Ms. Tidwell and Bulkmatic, both motions for summary judgment are due to be denied.

Given factual disputes material to determining the outcome of this case, summary judgment is inappropriate, and "the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If at trial it becomes clear that

---

[1] Mr. Ndegwa's wrongful death suit is brought by the administrator ad litem of his estate, Ed Parish, Jr. To prevent further confusion in this already procedurally convoluted case, the court will refer to Mr. Ndegwa in his role as both decedent and underlying plaintiff in this case.

[2] It is unclear why Homeland adopted Mr. Ndegwa's response, given that Homeland is not a party to the underlying wrongful death suit, Case No. 10-cv-43. However, given that the outcome and findings of fact in the wrongful death suit will control the property damage claims between the trucking companies, the court acknowledges Homeland's response.

a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on a particular issue, motions for judgment as a matter of law will be heard.

Accordingly, it is ORDERED that Ms. Tidwell's motion for summary judgment is DENIED (Doc. # 93); Bulkmatic's motion for summary judgment is DENIED on Mr. Ndegwa's negligent and wanton supervision and entrustment claims, but GRANTED on Mr. Ndegwa's negligent and wanton hiring, training, and retention, claims [3] (Doc. # 92); and Mr. Ndegwa's motion for leave to file a supplement is DENIED as moot (Doc. # 115).

DONE this 26th day of April, 2011.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[3] Mr. Ndegwa acknowledged that he is not pursuing negligent and wanton hiring, training, and retention claims against Bulkmatic. (Doc. # 97, at 3.)